IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GARY EDWARD BROWN,** : | CIVIL ACTION NO. 1:05-CV-2448 |
| : | |
| **Plaintiff** : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **PENNSYLVANIA STATE** : | |
| **DEPARTMENT OF HEALTH and** : | |
| **DOYLESTOWN HOSPITAL,** : | |
| : | |
| **Defendants** : | |

## ORDER

AND NOW, this 5th day of June, 2006, upon consideration of the motion (Doc. 12), filed by defendant Pennsylvania State Department of Health, to dismiss plaintiff's claims, brought pursuant to the Public Health Service Act, 42 U.S.C. §§ 242k(f), 244, 245, the Vital Statistics Law, 35 PA. STAT. ANN. §§ 450.201, 450.401; 28 PA. CODE § 1.1,[1] and the Fourteenth Amendment, and it appearing that the Department of Health is an arm of the Commonwealth of Pennsylvania, see 71 PA. STAT. ANN. § 61, and is therefore immune from suit by the Eleventh Amendment, see Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1983) ("[I]n the

---

[1] The complaint avers that defendant Pennsylvania State Department of Health failed to enforce federal laws regarding birth certificates, pursuant to the Public Health Service Act. (Doc. 1 ¶ 24.) The court finds the statutes cited inapplicable. Specifically, § 242k(f) imposes a duty on the Secretary of Health to cooperate and consult with state and local health departments and §§ 244 and 245 involve defibrillation programs and projects. See 42 U.S.C. §§ 242k(f), 244, 245. Moreover, with respect to plaintiff's claims under Pennsylvania's Vital Statistics Law (see Doc. 1 ¶ 25), a federal court does not have jurisdiction over a claim against state government arising from the government's failure to follow its own regulation or policy. See Bosco v. United States, 164 F. App'x 226, 229 (3d Cir. 2006).

absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); see also 1 PA. CONS. STAT. § 2310 ("[I]t is hereby declared to be the intent of the General Assembly that the Commonwealth . . . shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive immunity."); 42 PA. CONS. STAT. ANN. § 8522; Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 239 (3d Cir. 2005); Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 323 (3d Cir. 2002) (providing that Eleventh Amendment immunity is "subject to three primary exceptions:  (1) congressional abrogation, (2) waiver by the state, and (3) suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law"), it is hereby ORDERED that:

1. The motion to dismiss (Doc. 12) is GRANTED.[2]

2. Plaintiff's claims against defendant Pennsylvania State Department of Health are DISMISSED.

   /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] By finding that defendant Pennsylvania State Department of Health is immune under the Eleventh Amendment, the court need not address defendant's statute of limitations argument.